tions contained in Minn.R.Civ.App.P. 131 and 132. Counsel will be notified at a later date of the time for argument before this court. No requests for extensions of time for the filing of briefs will be entertained.

In addition to the issues addressed by the parties in the petition for further review and the response, the court directs the parties to specifically discuss the question of the proper application of Minn.R.Civ.P. 56 in accordance with existing case precedent and with particular references to Fed. Rule 56 and its judicial interpretation including, but not limited to, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**BORG WARNER ACCEPTANCE CORP., Respondent,**

v.

**SHAKOPEE SPORTS CENTER, INC., et al., Defendants,**

**John Dobson, et al., Appellants.**

**No. C2–87–1707.**

Supreme Court of Minnesota.

April 29, 1988.

ORDER

Prior report: 418 N.W.2d 749.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Borg Warner Acceptance Corporation for further review of the decision of the Court of Appeals be, and the same is, granted. The petitioner shall proceed as the appellant and briefs shall be filed in the quantity, form and within the time limita-